# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

BANK OF AMERICA, N.A.,

        Plaintiff,

v.

SYNOVUS BANK d/b/a THE BANK
OF NORTH GEORGIA,
KATHLEEN B. GUY, and
ANDERSEN, TATE & CARR, P.C.,

        Defendants.

1:17-cv-1405-WSD

## OPINION AND ORDER

On April 20, 2017, Plaintiff Bank of America, N.A. ("Plaintiff") filed its Complaint [1].

The Complaint asserts that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Compl. ¶¶ 2-5). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006). The Eleventh Circuit consistently has held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of

S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). In this case, the Complaint raises only questions of state law and the Court only could have diversity jurisdiction over this matter.

Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different states. 28 U.S.C § 1332(a). "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant." Palmer Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994). "Citizenship for diversity purposes is determined at the time the suit is filed." MacGinnitie v. Hobbs Grp., LLC, 420 F.3d 1234, 1239 (11th Cir. 2005). "The burden to show the jurisdictional fact of diversity of citizenship [is] on the . . . plaintiff." King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir. 2007) (alteration and omission in original) (quoting Slaughter v. Toye Bros. Yellow Cab Co., 359 F.2d 954, 956 (5th Cir. 1966)).

Plaintiff's Complaint does not adequately allege diversity jurisdiction because it fails to identify the citizenship of Defendant Kathleen B. Guy ("Guy"). The Complaint asserts that "Defendant Kathleen B. Guy . . . is a resident of Gwinnett County, Georgia." (Compl. ¶ 3). To show citizenship, however, "[r]esidence alone is not enough." Travaglio v. Am. Exp. Co., 735 F.3d 1266, 1269 (11th Cir. 2013). For United States citizens, "[c]itizenship is equivalent to

'domicile' for purposes of diversity jurisdiction," and "domicile requires both residence in a state and 'an intention to remain there indefinitely.'" Id. (quoting McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002)).

Plaintiff is required to file an amended complaint properly alleging Guy's citizenship.  Unless Plaintiff does so, the Court must dismiss this action for lack of subject matter jurisdiction.  See Travaglio, 735 F.3d at 1268-69 (holding that the district court must dismiss an action for lack of subject matter jurisdiction unless the pleadings or record evidence establishes jurisdiction).

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff shall file, on or before May 15, 2017, an amended complaint properly alleging the citizenship of Defendant Kathleen B. Guy.  Failure to do so will result in dismissal of this action.

**SO ORDERED** this 1st day of May, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE